UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CHARLES J. DAVIS,

    Plaintiff,

v.                                               Case No. 5:20-cv-80-TKW/MJF

R. TAYLOR, *et. al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se*, commenced this civil action pursuant to 42 U.S.C. § 1983 against six employees of the Florida Department of Corrections ("FDC"). The Defendants filed a motion to dismiss asserting, *inter alia*, that Plaintiff abused the judicial process by failing to disclose his litigation history completely and honestly. Doc. 85. Plaintiff filed a response in opposition. Doc. 90. The undersigned recommends that this action be dismissed for maliciousness, pursuant to 28 U.S.C. § 1915A(b)(1), for Plaintiff's abuse of the judicial process in failing to disclose completely and honestly his litigation history.[1]

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

# I. Background

Plaintiff, Charles J. Davis, DC # Q00394, is an inmate of the FDC. On December 12, 2019, Plaintiff commenced this civil action pursuant to 42 U.S.C. § 1983. Doc. 1. United States Magistrate Judge Charles A. Stampelos reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and ordered Plaintiff to file an amended complaint. Doc. 10.

On February 24, 2020, Plaintiff submitted his first amended complaint. Doc. 14. Because venue was improper in the Tallahassee Division, Judge Stampelos transferred to the United States District Court for the Northern District of Florida, Panama City Division. Doc. 16. The undersigned reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and noted that Plaintiff had failed to completely disclose his litigation history. Doc. 25. The undersigned explained:

> Plaintiff's complaint is deficient in that Plaintiff failed to provide complete answers to questions concerning his litigation history. Merely stating he is unsure about his prior federal litigation is not an acceptable answer. . . . It is Plaintiff's responsibility to maintain a record of the cases he filed.
>
> If Plaintiff currently does not possess sufficient information to respond to the inquiries on the complaint form pertaining to his litigation history, he must contact the relevant court(s) to obtain the relevant information.

Doc. 25 at 2-3. The undersigned warned Plaintiff that the failure to disclose completely and honestly his litigation history likely will result in dismissal of this action. *Id.* at 3.

On August 18, 2020, Plaintiff timely filed a second amended complaint. The undersigned struck the complaint as a shotgun pleading and directed Plaintiff to file a third amended complaint. Plaintiff timely submitted his third amended complaint. Doc. 83. Construed liberally, Plaintiff asserts that Defendants violated his rights under the Fist, Eighth, and Fourteenth Amendments. Doc. 83 at 12-14. Defendants filed a motion to dismiss, and Plaintiff responded in opposition.

## II. DISCUSSION

### A. Screening of Plaintiff's Complaint

The Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104–134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam) ("Recent years have witnessed an explosion of prisoner litigation in the federal courts."). Under the PLRA, a federal court is required to screen a prisoner complaint and must dismiss an action if it is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915A, 1915(e)(2)(B).

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative

misrepresentation regarding his litigation history constitutes abuse of the judicial process warranting dismissal of the case as "malicious." *See* 28 U.S.C. § 1915A(b)(1); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (holding that dismissal of an action without prejudice as a sanction for a *pro se* prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, was proper), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *see also, e.g.*, *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (holding that dismissal of prisoner-plaintiff's case for abuse of the judicial process under 28 U.S.C. § 1915A(b)(1) was warranted where the prisoner failed to disclose cases he previously filed); *Harris v. Warden*, 498 F. App'x 962, 964-65 (11th Cir. 2012) (same); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132-33 (11th Cir. 2012) (same).

**B.     Plaintiff's Disclosures**

Section VIII of the complaint form utilized by Plaintiff seeks information regarding Plaintiff's prior litigation in federal court that either challenged his conviction or otherwise related to the conditions of his confinement. Doc. 83 at 16-18. The complaint form advises that "**Failure to disclose all prior cases may result in the dismissal of this case.**" *Id.* at 18.[2]

---

[2] Plaintiff's second amended complaint was on the same form and contained the same warnings. Plaintiff's first amended complaint, however, was on a different

On page 10 of the complaint form, Question C asks, "Have you filed any other lawsuit in federal court either challenging your conviction or otherwise relating to the conditions of your confinement?" *Id.* at 17. Plaintiff responded "yes." In total, Plaintiff only disclosed fifteen federal cases that he had filed in the Northern District of Florida. Doc. 83 at 16-18; *see* Doc. 14 at 4-6; Doc. 34 at 22;

At the end of the civil-rights complaint form, Plaintiff signed his name after the following statement: "I declare under penalty of perjury that the foregoing (including all continuation pages) is true and correct." Doc. 83 at 19.

C.  **Plaintiff's Omission**

The undersigned takes judicial notice that, when Plaintiff filed his complaint and his first, second, and third amended complaints, Plaintiff had a civil action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Middle District of Florida, which Plaintiff should have disclosed in response to **Question C:** *Davis v. Hall*, No. 3:17-cv-539-BJD-PDB (M.D. Fla. Apr. 6, 2017).

This cases is attributable to Plaintiff insofar as it bears his FDC inmate number: Q00394. Plaintiff did not disclose this civil action in his initial complaint. He also failed to disclose this civil action in his first, second, and third amended

---

court approved form. Regardless, the form utilized by Plaintiff in his first amended complaint also required disclose of "**ALL** PRIOR CIVIL CASES." Doc. 14 at 4. It warned that the "FAILURE TO DISCLOSE ALL PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE." *Id.*

complaints despite this court providing Plaintiff instructions to contact the relevant clerk(s) of every court in which he had filed lawsuits. Docs. 1, 14, 34, 83. Plaintiff's omission, therefore, violated his duty of candor to the District Court.

### D. Materiality of Plaintiff's Omission

Courts have recognized that information regarding a plaintiff's litigation history is useful to the court:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

*Spires v. Taylor*, No. 3:00-cv-249-RH (N.D. Fla. Oct. 27, 2000) (Order of Dismissal). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous . . . ." *In re Epps*, 888 F.2d at 969; *see Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001) (noting that, in assessing frivolousness, courts may consider "a litigant's history of bringing unmeritorious litigation").

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d

1254, 1261-62 (2d Cir. 1984). Similarly, courts have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to divulge their record of litigation serves all of these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts are well within their discretion to require *in forma pauperis* prisoner litigants to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them").

Additionally, because prisoner-plaintiffs generally proceed *pro se*, the information helps the court determine the plaintiff's litigation experience and familiarity with the legal terrain. The time spent verifying the cases a plaintiff has filed but failed to identify can be considerable.

When courts cannot rely on the statements or responses made by parties, the quality of justice is threatened. Courts, therefore, cannot tolerate false or misleading responses in pleadings or motions. Here, Plaintiff falsely responded to questions on the complaint form as detailed above. Plaintiff knew from reading the complaint form that he was required to disclose all prior lawsuits filed federal court that either challenged his conviction or otherwise related to the conditions of his confinement.

Doc. 83 at 18. The complaint form expressly warns prisoners: "***Failure to disclose all prior cases may result in the dismissal of this case.***" *Id.* Further, Plaintiff filed his first amended complaint and second amended complaint, both of which contained materially similar warnings. Finally, the undersigned directed Plaintiff that if he did not have sufficient information to disclose his litigation history honestly and completely, it was his responsibility to contact the <u>clerk of each relevant court</u> to obtain the relevant information. The undersigned warned Plaintiff that if he failed to disclose his litigation history completely and honestly, this action likely would be dismissed.

A penalty, therefore, is warranted both to deter Plaintiff from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp. 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to the questions on the civil rights complaint form is conduct subject to sanctions by the court.").

E. <u>**The Appropriate Sanction is Dismissal Without Prejudice**</u>

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears*, 509 F. App'x at 936. The court should not allow Plaintiff's false responses to go unpunished. An appropriate sanction for Plaintiff's abuse of the judicial process

in not providing the court with true factual statements or responses is to dismiss this case without prejudice.[3] *See Rivera*, 144 F.3d at 731; *see also, e.g.*, *Reynolds v. Lowery*, No. 18-10856-F, 2018 WL 4206932, *1 (11th Cir. Aug. 8, 2018) (holding that "the district court did not abuse its discretion in dismissing" the prisoner-plaintiff's "complaint as malicious, based on his failure to accurately disclose his prior litigation history"); *Schmidt v. Navarro*, 576 F. App'x 897, 899 (11th Cir. 2014) (same).

No lesser sanction would suffice to deter this type of conduct. For example, providing Plaintiff an opportunity to amend his complaint yet again to disclose the previous lawsuits would equate to overlooking his mendacity and his abuse of the judicial process, because that course of action would entail no penalty.[4] *See Hood*

---

[3] Courts must consider whether a dismissal without prejudice would effectively be with prejudice because of the statute of limitations. *Stephenson v. Warden*, 554 F. App'x 835, 838 (11th Cir. 2014). The statute of limitations for claims under section 1983 brought in Florida is four years. *Id.*; *City of Hialeah, Fla. v. Rojas*, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002). Plaintiff alleges the incidents in his complaint began on October 1, 2019. Doc. 83 at 5. Thus, the statute of limitations likely would not bar Plaintiff from refiling this action in the near future.

[4] Plaintiff requests a fourth opportunity to file an amended complaint to correct his omissions. Doc. 90. Plaintiff, however, fails to explain why he did not reveal his litigation history in his multiple amended complaints and why he ignored the undersigned's orders to contact the clerks of courts in which he had previously filed cases to compile a complete litigation history. The undersigned already afforded Plaintiff three opportunities to amend his complaint and disclose his litigation history. Plaintiff has not provided a good reason to afford him yet another opportunity. Doc. 14, Doc. 34, Doc. 83.

*v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006). Insofar as Plaintiff already is incarcerated, a mere admonition or a finding of contempt would not deter Plaintiff or other prisoners from making false representations to the court. Dismissal without prejudice would serve as a warning to Plaintiff and others that future misrepresentations to courts might result in more substantial sanctions. *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (noting that a plaintiff's misrepresentation about previous lawsuits may violate Rule 11).

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Plaintiff's motion to supplement the record, Doc. 95, and motion to reattach prior civil litigation history, Doc. 97, be **DENIED.**

2. The Defendants' motion to dismiss without prejudice, Doc. 85, be **GRANTED**.

3. This case be **DISMISSED** without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for maliciousness and abuse of the judicial process.

4. The clerk of the court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida, this 27th day of June, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**