UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CHARLES J. DAVIS,

    Plaintiff,

v.                                          Case No. 5:20-cv-80-TKW/MJF

R. TAYLOR, *et al.*,

    Defendants.
_____/

## **ORDER**

This case is before the Court based on the magistrate judge's Report and Recommendation (Doc. 99). Plaintiff filed a "Motion to Object" (Doc. 102), which the Court construes as an objection to the Report and Recommendation. The Court reviewed the issues raised in the objection de novo as required by 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(3).

Based on that review, the Court agrees with the magistrate judge's determination that this case should be dismissed without prejudice pursuant to 28 U.S.C. §1915A(b)(1) based on Plaintiff's failure to fully disclose his litigation history. The Court did not overlook Plaintiff's belated efforts to disclose his litigation history, *see* Docs. 95, 97, but those efforts are too little too late. *See Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) ("[T]he district court was correct to conclude that to allow [the plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process.");

*Merritt v. Dep't of Corr.*, 2020 WL 6703794, at *1 (N.D. Fla. Nov. 13, 2020) (rejecting inmate's argument that he should be allowed to amend his complaint to disclose his litigation history where his failure to do so was allegedly based on an "honest mistake" because that "would amount to no penalty ... and would not serve as a deterrent to Plaintiff and others from falsely answering the questions on the civil rights complaint form").

Accordingly, it is **ORDERED** that:

1. The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this Order.

2. Plaintiff's motion to supplement the record (Doc. 95) and motion to reattach prior civil litigation history (Doc. 97) are **DENIED**.

3. Defendants' motion to dismiss (Doc. 85) is **GRANTED** insofar as it sought dismissal of the third amended complaint based on Plaintiff's failure to fully disclose his litigation history,[1] and this case is **DISMISSED without prejudice** on that basis under 28 U.S.C. §1915A(b)(1).

4. All other pending motions are **DENIED as moot**.

5. The Clerk shall enter judgment in accordance with this Order and close the case file.

---

[1] Based on this ruling, the Court need not consider the other arguments in the motion to dismiss.

**DONE and ORDERED** this 25th day of July, 2022.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**